UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-mc-14059-UNA

IN THE MATTER OF THE
EXTRADITION OF
DANIEL RODRIGO CORREA.
_____/



FILED by ___ D.C.
DEC 1 8 2017
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

**CERTIFICATION OF EXTRADITABILITY AND
ORDER OF COMMITMENT**

THIS CAUSE came before the Court for an extradition hearing on December 13, 2017. The United States of America, acting on behalf of the Kingdom of the Netherlands, first filed a complaint for the arrest with a view toward extradition of Daniel Rodrigo Correa (hereinafter "Defendant") to the Netherlands on the charges of unlawful imprisonment, co-perpetration of the removal of a minor from the custody of a person who exercises parental authority over him or her, and participation in a criminal organization. [DE 47]. For the reasons stated below, this Court **GRANTS** the request for an order certifying extradition.

### I. Procedural Background

On February 23, 2017, the United States filed a Complaint for Arrest with a View Toward Extradition seeking a warrant for Correa's arrest, which was issued and executed that same day. [DE 1]. The United States was acting on the request of the Government of the Netherlands, pursuant to Article 11 of the extradition treaty between the United States and the Netherlands ("the Treaty"). Article 11 provides for the provisional arrest and detention of alleged fugitives pending the submission of a formal request for extradition and supporting documents. [DE 1, ¶¶ 1, 4]. The Netherlands sought Correa's provisional arrest on one charge: violently abducting a minor in violation of Article 282 of the Criminal Code of the Netherlands. [DE 1, ¶ 5].

On April 26, 2017, Defendant filed a Motion to Terminate Provisional Arrest or in the Alternative to Immediately Set Bond [DE 20], and on May 3, 2017, the Government filed a response in opposition to the motion. [DE 23]. The Court held a hearing on May 8, 2017, and denied Defendant's motion as to both terminating the provisional arrest and to setting bond. [DE 26]. In an affidavit dated May 12, 2017, and entered onto the docket on May 17, 2017, Correa consented to be extradited to the Netherlands. [DE 29]. On May 25, 2017, the Court held an extradition hearing and accepted Correa's consent. The Court entered the Certification and Committal for Extradition on the single offense identified in the complaint. [DE 35, ¶ 6].

Prior to the entry of this order, the United States State Department received the formal request for Correa's extradition and supporting documents, copies of which were made available to Correa's counsel. However, both parties failed to note that the Extradition Request sought Correa's extradition on three charges rather than one: (1) co-perpetration of unlawful imprisonment, in violation of Section 282 of the Dutch Criminal Code; (2) co-perpetration of the removal of a minor from the custody of a person who exercises parental authority over him or her, in violation of Section 279 of the same code; and (3) participation in a criminal organization, in violation of Section 140 of the same code. Thus, the Court's certification [DE 35] did not reflect these three charges but only the single earlier charge of violently abducting a minor in violation of Article 282.

Because the certification did not refer to all three charges for which extradition has been requested, the Secretary of State did not authorize Correa's surrender, and the Government has not yet surrendered Correa to the Netherlands. The Government moved to reopen the extradition proceedings against Correa in order to obtain a certification for extradition which refers to all

2

three charges. [DE 40]. After determining that the Court retained both personal jurisdiction and subject matter jurisdiction over the Defendant, and deciding it was in the interest of judicial economy to reopen the extradition proceedings, the Court granted the Government's Motion to Reopen Extradition Proceedings. [DE 46]. The Government filed its Memorandum of Law in Support of Extradition on November 22, 2017, [DE 47] and the Court held an extradition hearing on December 13, 2017.

## II.   Factual Background

According to Dutch authorities, Defendant is an associate of Shehzad Shabbirall Hemani ("Hemani"). Hemani and his wife, Nadia Rashid ("Ms. Rashid"), were separated in 2015. [DE 47, pg. 3]. On March 1, 2016, a Dutch court awarded temporary custody of their minor daughter, I.H., to Ms. Rashid. *Id.* I.H. was born in 2014. *Id.* The Dutch court was scheduled to hold a hearing regarding the couple's divorce and determination of final custody of the minor child on September 30, 2016. *Id.* On September 29, 2016, three individuals entered Ms. Rashid's residence in Amsterdam and grabbed the child from her maternal grandmother. *Id.* The kidnappers kicked and beat the grandmother, an aunt, and neighbors who tried to help the child. [DE 47, pg. 4]. The kidnappers also used a taser during the abduction. I.H. was taken to India, where Hemani and Hemani's mother were located. *Id.*

Dutch authorities have arrested five people who they believe were involved in the abduction. *Id.* Two of those individuals advised Dutch authorities that Hemani orchestrated the abduction and held several meetings to discuss the plans for the crime. *Id.* Several of the arrested individuals also gave statements indicating that Defendant was heavily involved in the planning of the abduction, along with Hemani and several other individuals from multiple countries. *Id.*

3

The abduction appeared to have been meticulously planned, including tracking the location of I.H.'s mother and other family members in advance of its commission. *Id.* Co-conspirators described Correa as the "organizer" of the abduction, and stated that Correa was responsible for the transportation of the child over the Dutch/German border. *Id.* Hemani reportedly paid those involved in the abduction €10,000 in cash. *Id.*

### III.    The December 13, 2017 Extradition Hearing

At the December 13, 2017 extradition hearing, the Government was represented by AUSA Diana Acosta. Defendant was present and represented by Michael Spotts, Esq. At the request of the Government, the Court admitted Government's Exhibits A, B and C, which include the Declaration of Tom Heinemann, an Assistant Legal Adviser in the Office of the Legal Adviser for the Department of State, Washington D.C., together with the Diplomatic Note formally requesting the extradition of Defendant as supplemented by a Note with additional information and a copy of the applicable Treaty (Exhibit A), the March 31, 2017 Request for Extradition from the Netherlands (Exhibit B), and the April 26, 2017 Supplementary Letter from the Netherlands regarding its prior March 31, 2017 Request for Extradition with attached reports (Exhibit C) with regard to the Defendant Correa and to the crimes of which he is accused. The Defendant objected to the exhibits on the basis that the process on which the exhibits were based is unconstitutional and in violation of the 4th, 5th, 6th, 8th, and 14th Amendments to the Constitution, because Defendant was not granted due process as to the extradition process and because the exhibits contained multiple layers of hearsay. The Court overruled the objections and admitted all three exhibits.

At the request of Defendant, the Court admitted Defendant's Exhibits 1 and 2. Exhibit 1

comprises the three exhibits attached to the Defendant's Notice of Filing Documents for Consideration in the Instant Extradition Proceeding [DE 48]. Exhibit 2 is an email detailing the complicated state of the passport application of the child at issue in the underlying criminal case. The Government objected to the admission of the exhibits on the grounds that they were contradictory evidence, but the Court overruled the objection and admitted the exhibits. The Court viewed the defense exhibits as more akin to explanatory evidence, and not contradictory evidence.

Counsel for Correa argued that the evidence submitted by the Netherlands was insufficient to rise to the level of probable cause, and therefore the Court should not certify the extradition. He also argued that the extradition process is flawed, and deprives Defendant of several constitutional rights by violating the 4th, 5th, 6th, 8th, and 14th Amendments to the U.S. Constitution. Defendant also argued that two of the counts, co-perpetration of the removal of a minor from the custody of a person who exercises parental authority over him or her, in violation of Section 279 of the Dutch Criminal Code; and participation in a criminal organization, in violation of Section 140 of the same code, were not delineated by the extradition treaty, and therefore, if his extradition is certified, it should only be certified as to the charge of co-perpetration of unlawful imprisonment, in violation of Section 282 of the Dutch Criminal Code. Finally, Defendant asked that if the Court grants certification, it also grant a stay so that Defendant could decide whether to file a writ of habeas or to appeal.

## IV. ANALYSIS OF APPLICABLE EXTRADITION LAW

Extradition hearings are conducted pursuant to 18 U.S.C. §§ 3184 - 3196. A foreign or international extradition proceeding is not a criminal case. *Martin v. Warden, Atlanta, Pen.*, 993

F.2d 824, 829 (11th Cir. 1993); *Kamrin v. United States*, 725 F.2d 1225, 1227-28 (9th Cir. 1984). "Foreign extraditions are *sui generis* in nature, neither civil nor criminal in nature and set forth their own law." *In re Extradition of Mohammad Safdar Gohir*, 2014 WL 2123402, at *6 (D. Nev. 2014); *In re Extradition of Vargas*, 978 F. Supp. 2d 734, 744 (S.D. Texas 2013). The process of formal extradition is a diplomatic process, governed generally by the applicable extradition treaty and the federal extradition statute, 18 U.S.C. §§ 3181–3196. *In re Extradition of Mohammad Sadfar Gohir, supra*, at *6.

Neither the Federal Rules of Criminal Procedure nor the Federal Rules of Evidence apply to international extradition proceedings. Fed. R. Crim. P. 1(a)(5)(A); Fed. R. Evid. 1101(d)(3); *Afanesjev v. Hurlburt*, 418 F.3d 1159, 1164-65 (11th Cir. 2005), *cert. denied*, 546 U.S. 993 (2005); *Melia v. United States*, 667 F.2d 300, 302 (2d Cir. 1981); *Bovio v. United States*, 989 F.2d 255, 259 n.3 (7th Cir. 1993).

"An extradition hearing is not a trial on the merits and does not require proof sufficient to satisfy the factfinder in a criminal trial." *Cheng Na-Yuet v. Hueston*, 734 F. Supp. 988, 995 (S.D. Fla. 1990). The purpose of an extradition proceeding is to decide the sufficiency of the charge under the treaty, not guilt or innocence. *See Neely v. Henkel*, 180 U.S. 109, 123 (1901); *Afanasjev v. Hulburt, supra* at 1165 n.11; *Martin v. Warden, supra*, 993 F.2d at 828.

A certification of extradition may be and usually is based entirely on the authenticated documentary evidence and information provided by the requesting government. *See, e.g., Castro Bobadilla v. Reno*, 826 F. Supp. 1428, 1433-1434 (S.D. Fla. 1993) (documents and statements sufficient for extradition to Honduras), *aff'd* 28 F.3d 116 (11th Cir. 1994). "It is exceedingly rare for the Government to submit anything other than documents in support of an extradition

request." *In re Extradition of Nunez-Garrido, supra*, 829 F. Supp. 2d 1277, 1287 (S.D. Fla. 2011). According to the United States Supreme Court, "one of the principal objectives of the extradition statute is 'to obviate the necessity of confronting the accused with the witnesses against him' by enabling the requesting country to meet its burden of proof through documents subject only to requirements necessary to guarantee their authenticity." *Id.* (quoting *Bingham v. Bradley*, 241 U.S. 511, 517 (1916)). "Requiring the requesting country 'to send its citizens to another country to institute legal proceedings would defeat the whole object of the treaty.'" *Id.* (quoting *Bingham*, 241 U.S. at 517).

Although an extraditee is permitted to present evidence tending to explain or clarify the proof ("explanatory evidence"), evidence which tends merely to contradict the requesting country's case ("contradictory evidence") is inadmissible. *Cheng Na-Yuet*, 734 F. Supp. at 995. "Because of the circumscribed nature of an extradition proceeding, the importance of international obligations and the inherent practical difficulties in international proceedings, a defendant's right to challenge evidence against him at an extradition hearing is limited." *Nunez-Garrido*, 829 F. Supp. at 1281. "Generally, evidence that explains away or completely obliterates probable cause is the only evidence admissible at an extradition hearing, whereas evidence that merely controverts the existence of probable cause, or raises a defense, is not admissible." *Barapind v. Enomoto*, 400 F.3d 744, 749 (9th Cir. 2005) (quoting *Mainero v. Gregg*, 164 F.3d 1199, 1207 n.7 (9th Cir. 1999)); *see also Ordinola v. Hackman*, 478 F.3d 588, 608-09 (4th Cir. 2007); *Hoxha v. Levi*, 465 F.3d 554, 561 (3d Cir. 2006). Courts have determined that affirmative defenses to the merits of the charge(s) are not to be considered at extradition hearings. *See Charlton v. Kelly*, 229 U.S. 447, 462 (1913); *Collins v. Loisel*, 259

U.S. 309, 316-17 (1922); *Hooker v. Klein*, 573 F.2d 1360, 1368 (9th Cir. 1978); *DeSilva v. DiLeonardi*, 125 F.3d 1110, 1112 (7th Cir. 1997). An extraditee is not permitted to introduce evidence that seeks to impeach the credibility of the demanding country's witnesses. *Bovio v. United States*, 989 F.2d 255, 259 (7th Cir. 1993).

Extradition hearings are akin to a preliminary hearing. *In re Extradition of Shaw*, Case No. 14-CV-81475-WM, 2015 WL 3442022, at *4 (S.D. Fla. May 28, 2015); *Afanasjev v. Hurlburt*, 418 F.3d 1159, 1164 (11th Cir. 2005). Accordingly, the magistrate judge "does not inquire into the guilt or innocence of the accused." *Id.* (quoting *Kastnerova v. United States*, 365 F.3d 980, 987 (11th Cir. 2004)). Instead, the magistrate judge only looks to see if there is evidence sufficient to show probable cause. *Id. See also In the Matter of the Extradition of Ricardo Alberto Martinelli Berrocal,* No. 17-22197-CIV, 2017 WL 3776953, at *1 (S.D. Fla. Aug. 31, 2017); *Nunez-Garrido*, 829 F. Supp. 2d at 1282.

Extradition is primarily the prerogative of the executive branch. As stated by the Eleventh Circuit:

> Extradition ultimately remains an Executive function. After the courts have completed their limited inquiry, the Secretary of State conducts an independent review of the case to determine whether to issue a warrant of surrender. The Secretary exercises broad discretion and may properly consider myriad factors affecting both the individual defendant as well as foreign relations which an extradition magistrate may not.

*Martin, supra*, 993 F.2d at 829. Because extradition is primarily the prerogative of the executive branch, the scope of the court's inquiry during an extradition hearing is limited. *See Hoxha*, 465 F.3d at 560. The central issue at an extradition hearing is whether there is competent evidence to establish probable cause that the defendant committed the offense(s) underlying the request for extradition. *See Lo Duca v. United States*, 93 F.3d 1100, 1104 (2d Cir. 1996). The finding of

probable cause is specifically required by 18 U.S.C. 3184. *See Hoxha, supra*, 465 F.3d at 560 (interpreting the "sufficient" evidence standard set forth in 18 U.S.C. 3184 as requiring probable cause); *see Sayne v. Shipley*, 418 F.2d 679, 685 (5th Cir. 1969)[1] (during a Section 3184 extradition hearing, a magistrate judge determines the sufficiency of evidence establishing reasonable ground for the accused's guilt), *cert. denied*, 398 U.S. 903 (1970). An extradition certification is in order where:

(1) The judicial officer is authorized to conduct the extradition proceeding;

(2) The court has jurisdiction over the fugitive;

(3) The applicable treaty is in full force and effect;

(4) The crimes for which surrender is requested are covered by the applicable treaty; and

(5) There is sufficient evidence to support a finding of probable cause as to each charge for which extradition is sought.

*See Fernandez v. Phillips*, 268 U.S. 311, 312 (1925); *Yapp v. Reno*, 26 F.3d 1562, 1565 (11th Cir. 1994); *Hill v. United States*, 737 F.2d 950, 951 n.1 (11th Cir. 1984). Extradition is appropriate where "the magistrate has jurisdiction, [where] the offense charged is within the treaty and, by a somewhat liberal extension, [where] there [is] any evidence warranting the finding that there was reasonable ground to believe the accused guilty." *See Fernandez*, 268 U.S. at 312.

Defendant is not contesting that the undersigned is authorized to conduct the extradition proceeding, that the Court has jurisdiction over him, that the applicable treaty is in full force and

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

9

effect, or that he is the person being sought by the Netherlands. The Court will therefore now turn to the arguments against extradition which have been raised by Defendant.

### III. THE DEFENDANT'S ARGUMENTS AGAINST EXTRADITION

The Defendant has raised three main arguments against his extradition to the Netherlands. First, Defendant argues that there is no probable cause for the charges lodged against him in the Netherlands; second, Defendant argues that two of the three charges leveled against him are not covered by the extradition treaty between the United States and the Netherlands and therefore he cannot be extradited as to those charges; third, Defendant argues that the extradition proceedings violate his constitutional rights to the presumption of innocence, to bail, to counsel, and other rights implicated in the 4th, 5th, 6th, 8th, and 14th Amendments. Defendant's arguments have been carefully considered by the Court. The Court summarizes and discusses Defendant's arguments below.

#### A. *No Probable Cause*

The Defendant argues that there is no probable cause for the charges lodged against him in the Netherlands. He asserts numerous reasons why probable cause is lacking, including that there is insufficient evidence to assert that Defendant was present at the kidnapping, or that he was the organizer of the crime. Defendant also alleges that the photos from the surveillance footage of the hotel are grainy and it is impossible to tell that the photos are that of Defendant, and further, the presence of the Defendant at a hotel in Amsterdam does not prove that the Defendant was present at the crime.

This Court's role in this extradition proceeding is not to determine the guilt or innocence of Defendant, but rather to determine whether probable cause exists to support the charges

lodged against him in the Netherlands. The standard of proof to find that the evidence is "sufficient to sustain the charge" pursuant to 18 U.S.C. § 3184 is equivalent to the domestic requirement of probable cause. The Court must conclude that there is probable cause to believe that the crimes charged by the Netherlands were committed and that the person before the Court committed them. *Hoxha v. Levi,* 465 F.3d 554, 561 (3d Cir. 2006); *Sidona v. Grant,* 619 F.2d 167, 175 (2d Cir. 1980). "[P]robable cause requires only a probability or substantial chance of criminal activity." *Illinois v. Gates,* 462 U.S. 213, 243 n.13 (1983). Probable cause does not require an officer's suspicion to be more likely true than false. *Texas v. Brown,* 460 U.S. 730, 742 (1983). Probable cause means "'the existence of a reasonable ground to believe the accused guilty'" of the crime charged. *Escobedo v. United States,* 623 F.2d 1098, 1102 (5th Cir. 1980) (quoting *Garcia-Guillern v. United States,* 450 F.2d 1189, 1192 (5th Cir. 1971)); *Nunez-Garrido,* 829 F. Supp. 2d at 1282. "Competent evidence to establish reasonable grounds is not necessarily evidence competent to convict." *Fernandez v. Phillips,* 268 U.S. 311, 312 (1925); *accord Escobedo v. United States, supra.*

The Court has very carefully reviewed and considered the detailed formal extradition request submitted by the Netherlands [DE 1, Govt. Ex. A-C], which includes:

1. A Declaration of Tom Heinemann, an Assistant Legal Adviser in the Office of the Legal Adviser for the Department of State, Washington D.C., together with the Diplomatic Note formally requesting the extradition of Defendant as supplemented by a Note with additional information and a copy of the applicable Treaty;

2. March 31, 2017 Request for Extradition from the Netherlands; and

3. April 26, 2017 Supplementary Letter from the Netherlands regarding its prior March

11

31, 2017 Request for Extradition with attached reports.

A review of the above described documents, when considered in totality, leads to the conclusion that probable cause supports the charges brought against Correa in the Netherlands. The report by Dutch reporting officers T-775 and T-662 in Amsterdam details an interview conducted on November 21, 2016 of co-suspect Robert Curtis Bass, who stated that Correa was the person responsible for planning and carrying out the kidnapping on September 29, 2016. A separate report by Dutch reporting officers T-622 and T-709 details the rental of a hotel room at the Hyatt Hoofddorp in Amsterdam by Correa and others involved in the abduction. CCTV footage of Amsterdam's Schiphol Airport and the Hyatt Hotel shows that Correa was in the Netherlands one day prior to the abduction. The Public Prosecutor in Amsterdam stated that the Dutch investigation further indicated that Correa traveled with I.H. across the Dutch/German border, after which I.H. was taken to India. In light of the applicable standards of an extradition hearing, the reports, statements, CCTV footage, and photographs submitted by the Dutch authorities constitute competent, admissible evidence. In light of the substantial evidence presented by the Government, the Court finds that competent evidence supports the conclusion that Correa has committed the three charged crimes in the Netherlands.

### B. *Dual Criminality*

Defendant next argues that he should only be extradited on the offense which is covered by the extradition treaty with the Netherlands: co-perpetration of unlawful imprisonment, in violation of Section 282 of the Dutch Criminal Code. He argues that he should not be extradited as to the charges of co-perpetration of the removal of a minor from the custody of a person who exercises parental authority over him or her, in violation of Section 279 of the same code, or

participation in a criminal organization, in violation of Section 140 of the same code, because these offenses are not expressly provided for by the treaty. Pursuant to Article 2 of the annex to the applicable treaty:

> Extraditable offenses under this Treaty are:
>
> (a) Offenses referred to in the Appendix to this Treaty which are punishable under the laws of both Contracting Parties;
>
> (b) Offenses, whether listed in the Appendix to this Treaty or not, provided they are punishable under the Federal laws of the United States of America and the laws of the Kingdom of the Netherlands.
>
> In this connection it shall not matter whether or not the laws of the Contracting Parties place the offense within the same category of offenses or denominate an offense by the same terminology.

[Ex. 1, Art. 2(1)-(2)(a), DE 47].

The Court finds that the Government has satisfied the "dual criminality" requirement as to the second and third charges. In assessing whether the crimes for which extradition is requested are covered by the extradition treaty, the Court should examine the description of the criminal conduct provided by the Netherlands and decide whether that conduct would be criminal under U.S. federal law, the law of the state in which the hearing is held, or the law of a preponderance of the states. *See, e.g., Gallo–Chamorro v. United States*, 233 F.3d 1298, 1306 (11th Cir. 2000); *United States v. Cardoso*, No. 04-mc-128, 2005 WL 1228826, *4 (M.D. Fla. May 10, 2005) ("Acts are considered criminal in the United States if they would be unlawful under federal statutes, the law of the state where the accused is found, or by a preponderance of the states.") (citing *Wright v. Henkel*, 190 U.S. 40, 61 (1903)). A requesting country need not establish that its crimes are identical to ours. *Schmeer v. Warden of Santa Rosa County Jail*, No. 14-cv-285, 2014 WL 5430310, at *2 (N.D. Fla. Oct. 22, 2014) ("Dual criminality requires only

that the 'particular act charged is criminal in both jurisdictions' . . .") (quoting *Collins v. Loisel*, 259 U.S. 309, 312 (1922)).

The Supreme Court noted in *Collins v. Loisel* that dual criminality is not a technical concept involving a comparison of elements of the two countries' offenses. The law does not require that the name by which the crime is described in the two countries shall be the same; nor that the scope of the liability shall be coextensive, or, in other respects, the same in the two countries. It is enough if the particular act charged is criminal in both jurisdictions. 259 U.S. 309, 312 (1922); accord *Gallo-Chamorro v. United States*, 233 F.3d 1298, 1307 (11th Cir. 2000). In fulfilling this requirement, a requesting country is obliged neither to produce evidence on all elements of a criminal offense nor to establish that its crimes are identical to ours. *Kelly v. Griffin*, 241 U.S. 6, 15 (1916). Moreover, the Court should "approach challenges to extradition with a view toward finding the offense within the treaty," *McElvy*, 523 F. Supp. at 48, "because extradition treaties should be interpreted with a view to fulfil our just obligations to other powers." *Grin v. Shine*, 187 U.S. 181, 184 (1902).

The Government argues, and the Court agrees, that the conduct described in the documents provided by the Netherlands correlates to criminal offenses in the United States and Florida. Therefore, the charges satisfy the dual criminality requirement and are extraditable. The Government proffers that the conduct underlying the offense of co-perpetration of unlawful imprisonment, in violation of Section 282 of the Dutch Criminal Code, would be punishable under Florida state law as false imprisonment in violation of Fla. Stat. § 787.02 if it had been committed here. The maximum term of imprisonment for this offense is five years. Fla. Stat. § 787.02; Fla. Stat. § 775.082(3)(e). The conduct underlying the offense of co-perpetration of the

removal of a minor from the custody of a person who exercises parental authority over him or her, in violation of Section 279 of the Dutch Criminal Code, would be punishable under Florida state law as interference with custody in violation of Fla. Stat § 787.03 (2011), for which the maximum term of imprisonment is five years, Fla. Stat. § 787.03, Fla. Stat. § 775.082(3)(e); or under U.S. federal law as kidnapping in violation of 18 U.S.C. § 1201(a), for which the maximum term of imprisonment is life. The conduct underlying the offense of participation in a criminal organization, in violation of Section 140 of the Dutch Criminal Code, would be punishable under U.S. federal law as conspiracy in violation of 18 U.S.C. § 371, for which the maximum term of imprisonment is five years; or under Florida state law as conspiracy in violation of Fla. Stat. § 777.04(3), for which the maximum term of imprisonment is five years, Fla. Stat. § 777.04(4)(d)(3); Fla. Stat. § 775.082(3)(e). In the Netherlands, a violation of Section 282 is punishable by a term of imprisonment not to exceed eight years, a violation of Section 279 is punishable by a term of imprisonment not to exceed nine years, and a violation of Section 140 is punishable by a term of imprisonment not to exceed six years. Accordingly, the second and third charges on which extradition is sought satisfy the dual criminality requirement and they are encompassed by the Treaty.

### C. *Constitutional Claims*

Defendant argues that the extradition process is both flawed and unconstitutional, and that he is being deprived of several constitutional rights. Defendant claims that extradition proceedings have deprived him of the right to counsel, the right to the presumption of innocence, the right to bond, and several other rights granted under the 4th, 5th, 6th, 8th, and 14th Amendments. However, the Court sees no constitutional violation in a case where Defendant has

been arrested pursuant to a lawfully-issued arrest warrant and held without bond in an extradition proceeding where such action is in accord with the applicable treaty and supported by probable cause and applicable law. The United States Supreme Court and the Eleventh Circuit have previously determined that the extradition process is constitutional. *See Valentine v. U.S. ex rel. Neidecker,* 299 U.S. 5 (1936); *Wright v. Henkel,* 190 U.D. 40, 63 (1903); *Martin v. Warden, Atlanta Pen,* 993 Fed. 2d 824 (11th Cir. 1993).

### D. *Motion to Stay Certification and Motion for Bond*

Finally, Defendant requested that the Court reconsider United State Magistrate Judge Frank J. Lynch's prior Order denying the Defendant's motion for bond, and that the Court enter a stay of the certification for 15 days. The Court denies Defendant's Motion for Bond in light of Magistrate Judge Lynch's prior Order denying bond [DE 26] and in light of the facts of this case. The Court grants the motion for stay and will stay the proceedings until January 5, 2018. No further stays shall be granted.[2]

## VI. COURT'S FINDINGS AS TO EXTRADITION

The Court has carefully reviewed all the evidence, including the authenticated original Formal Request for Extradition together with all of its Declarations and exhibits, the Defendant's exhibits, and the parties' arguments and filings.

Based upon this review, the Court **FINDS** as follows:

1. The undersigned judicial officer is authorized under Title 18, United States Code, Section 3184, to conduct an extradition hearing;

2. The Court has personal jurisdiction over the defendant and subject matter jurisdiction

---

[2] The Court announced at the extradition hearing that it would stay its order until on or before December 28, 2017. However, in light of the holiday season and the difficulties Mr. Spotts may encounter conferring with his client during the holidays, the Court hereby extends the stay until on or before January 9, 2018.

16

over the case;

3. There is currently in force an extradition treaty between the United States of America and the Kingdom of the Netherlands.

4. The Defendant is charged in the requesting state [the Kingdom of the Netherlands] with the criminal offenses of co-perpetration of unlawful imprisonment, co-perpetration of the removal of a minor from the custody of a person who exercises parental authority over him or her, and participation in a criminal organization;

5. The criminal offenses of co-perpetration of unlawful imprisonment, co-perpetration of the removal of a minor from the custody of a person who exercises parental authority over him or her, and participation in a criminal organization are extraditable offenses within the meaning of the extradition treaty;

6. The requesting state [the Kingdom of the Netherlands] seeks the extradition of the Defendant for the criminal offenses of co-perpetration of unlawful imprisonment, co-perpetration of the removal of a minor from the custody of a person who exercises parental authority over him or her, and participation in a criminal organization;

7. There is probable cause to believe that Daniel Rodrigo Correa, the defendant brought before this Court, is the same person wanted by the Kingdom of the Netherlands, and further, there is probable cause to believe that said Defendant committed the crimes of co-perpetration of unlawful imprisonment, co-perpetration of the removal of a minor from the custody of a person who exercises parental authority over him or her, and participation in a criminal organization as charged against him in the Kingdom of the Netherlands;

8. The proceedings are stayed until on or before January 9, 2018. No further extensions shall be granted.

For reasons set forth above, the Government's request for an order certifying the extradition of Daniel Rodrigo Correa is **GRANTED**. As specified in 18 U.S.C. § 3184,

**IT IS THERFORE ORDERED** that a certified copy of this Certification of Extraditability and Order of Commitment, together with a copy of all the testimony and evidence taken before the undersigned, be forwarded without delay by the Clerk of the Court to the Secretary of State, Department of State, to the attention of the Office of the Legal Adviser, that a warrant may issue upon the requisition of the proper authorities of the Kingdom of the Netherlands, for the surrender of Defendant, according to the stipulations of the applicable treaty or convention, and that Defendant, be committed to the custody of the United States Marshal for this District, to be held at the Federal Detention Center, Miami, Florida, or other suitable facility, pending final disposition of this matter by the Secretary of State and surrender of Defendant to the designated agents of the Kingdom of the Netherlands.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 18th day of December, 2017.

*William Matthewman*
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE